IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                  Civ. No. 16-1216-JB-KK
                                                      (Cr. No. 13-2379 JB)

JOHANNES "JOHN" JARVIS,

    Defendant/Movant.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant/Movant Johannes "John" Jarvis' ("Defendant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) ("Motion") and Memorandum of Law and Argument in Support of Motion to Vacate Set Aside or Correct Sentence Pursuant to 18 U.S.C. 2255 (Doc. 2) ("Memo"), which he filed *pro se* on November 4, 2016. United States District Judge James O. Browning referred the case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) on November 17, 2017. (Doc. 5). The Government responded in opposition on December 1, 2016 (Doc. 8) ("Response"). Defendant filed his Reply on January 3, 2017 (Doc. 9) ("Reply"). Having carefully considered the parties' submissions, the civil and criminal record, and the relevant law, the undersigned recommends that Defendant's claim for relief be DISMISSED with prejudice.

On July 11, 2013, a federal grand jury indicted Defendant and co-defendant John "Jack" Hope with 21 counts of wire fraud in violation of 18 U.S.C. § 1343 and aiding and abetting wire fraud in violation of 18 U.S.C. § 2; one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; and sixteen counts of Unlawful Monetary Transactions in Criminally Derived

Property in violation of 18 U.S.C. § 1957 (CR Doc. 2).[1] On May 7, 2014, Defendant entered a guilty plea to Count 22 of the Indictment for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (CR Doc. 71, CR Doc. 74).  Defendant consented to waive his right to enter his plea before a United States District Judge, and United States Magistrate Judge Karen Molzen accepted his plea on May 7, 2014. (CR Doc. 70).  District Judge James O. Browning entered judgment against Defendant as to Count 22 and sentenced him to 46 months imprisonment. (CR Doc. 131, CR Doc. 134).

Defendant now seeks to modify his sentence, arguing that his trial counsel provided ineffective assistance at sentencing by failing "to challenge a prior state conviction that should have been expunged prior to sentencing." (Doc. 1 at 4). The Government responds that Defendant was ineligible for expungement of the prior state conviction at the time of sentencing, that his trial attorney's duties cannot reasonably extend to filing separate actions in other jurisdictions, and that he has failed to prove that even if his trial attorney had expunged his conviction, that his ultimate sentence would have been any different, *i.e.*, that he suffered any prejudice from his trial counsel's alleged error. (Doc. 8 at 3-6).

The undersigned has thoroughly reviewed the pleadings and attachments in this proceeding, and the pleadings and documents including the Presentence Investigation Report and the sentencing hearing transcript (CR Doc. 134) in the underlying criminal case, Cr. No. 13-2379. The Court hereby proposes to find that the Motion, exhibits, and record conclusively establish that Defendant is not entitled to relief, and that an evidentiary hearing is unnecessary.[2]

---

[1] References to the "CR Doc." are to the criminal docket no. Cr. 13-2379 JB (D.N.M.), the underlying criminal case.

[2] Neither the Defendant's Motion nor his Memo request an evidentiary hearing, but even if requested, no evidentiary hearing is warranted because the matter can be resolved from the record. *Boyle v. McKune*, 544 F.3d 1132, 1136 (10th Cir. 2008)

28 U.S.C. § 2255(b); *United States v. Flood*, 713 F.3d 1281, 1291 (10th Cir. 2013); *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 11, 2013, a federal grand jury issued an indictment charging Defendant and co-defendant John "Jack" Hope with 21 counts of wire fraud in violation of 18 U.S.C. § 1343 and aiding and abetting wire fraud in violation of 18 U.S.C. § 2; conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; and sixteen counts of Unlawful Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. § 1957 (CR Doc. 2). On August 2, 2013, United States Magistrate Judge Karen Molzen appointed attorney Erlinda Johnson as counsel. At the Initial Appearance/Arraignment/Detention hearing on August 8, 2013, Defendant entered a plea of Not Guilty and was released on his own recognizance. (CR Doc. 10, CR Doc. 12).

On May 7, 2014, Defendant entered into a plea agreement with the Government, pleading guilty to Count 22 for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (CR Doc. 71). Pursuant to the plea agreement, the Government dismissed all other counts against Defendant, recommended the low end of the sentencing guidelines, and moved for a downward adjustment pursuant to U.S.S.G. § 3E1.1(b) based on Defendant's acceptance of responsibility. (CR Doc. 71, CR Doc. 120, CR Doc. 121, CR Doc. 124, CR Doc. 125).

The Presentence Report computed the base offense level for an offense involving Conspiracy to Commit Wire Fraud to be 7 under the 2015 U.S. Sentencing Guidelines §2B1.1 and § 2X1.1(c)(1). (PSR at ¶ 81). The Presentence Report recommended increasing the offense level by 16 due to the calculated loss exceeding $1,500,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(I), and 2 levels due to the use of sophisticated means pursuant to U.S.S.G §

2B1.1(b)(10)(C) for a base offense level of 25.[3] *Id.* Two points were added for the Defendant's role in the offense and three points were subtracted for acceptance of responsibility for a total offense level of 24. (*Id.* at ¶¶ 84, 88, 89). Defendant's criminal history includes five prior convictions for misdemeanor crimes between 1996 and 2013. (*Id.* at ¶¶ 93-97). One point was added to Defendant's criminal history level for Defendant's December 11, 1998, convictions of assisting a minor to obtain alcohol, disorderly conduct, unreasonable noise, and resisting an officer,[4] and one point was added for Defendant's May 30, 2013, conviction at issue from Washington County, Oregon, for theft of property for a value of less than $100.

Defense counsel filed objections to the Presentence Report, attaching an expert report from a forensic accountant. (CR Doc. 108, CR Doc. 108-1). She later withdrew the objections but joined in the co-defendant's objections. (CR Doc. 113, CR Doc. 114). She also filed a Motion for Downward Adjustment, arguing that: (1) Defendant suffered childhood abuse and psychological issues that warranted a downward departure and/or variance; (2) Defendant's character and age warrants downward departure; (3) a downward departure would enable Defendant to make restitution payments to the victim; and (4) the Presentence Report overrepresented Defendant's minimal criminal history. (CR Doc. 111).

At the sentencing hearing, in conjunction with Co-Defendant's counsel arguing for downward adjustment based on loss computation, Defendant's attorney argued in favor of a downward adjustment on numerous grounds. (Doc. 134, 105:2 – 106:16). The Court considered

---

[3] The Presentence Report initially misstates the total offense level to be 27, but the correct offense level of 25 is utilized in the final computation.

[4] Defendant's 1998 convictions fall within ten years of the commencement of the instant offense pursuant to U.S.S.G § 4A1.2(e). *See* Commentary, ¶ 8 (Under Section 4A1.2(e), "the term '*commencement of the instant offense*' includes any relevant conduct."). The PSR timeline provides that Defendant and his co-defendant Jack Hope formed the shell company that they used in their fraud scheme in late 2007, and that Defendant sent an email on January 23, 2008 to his employer, Kinesio, that set up the shell company as the "broker" that Defendant and Hope used to defraud Kinesio. (PSR ¶¶ 17-18). These actions are relevant conduct under the Sentencing Guidelines, and therefore fall within ten years of the 1998 convictions.

4

several factors including the Defendant's age, his "limited" remorse, his character and his post criminal activity. (Doc. 134, 128:24-129:10; 130:3-10; 130:11-12; 130:22-131:8). The Court also noted that Defendant's criminal history was relatively minor. (Doc. 134, 133:15-21). The Court acknowledged that the Presentence Report calculated Defendant's total offense level at 24, and his Criminal History score at II, for which the Sentencing Guidelines recommended a sentence between 57-71 months. (Doc. 134, 125:19-21). However, the Court found the Sentencing Guideline's framework inappropriate based on the factors for downward pressure he discussed, and instead used the sentencing framework for a Criminal Offense Level 22 with a criminal history level of II, and imposed a sentence of 46 months incarceration.[5]  (Doc 134, 133:7-14; 134:3-9).

Defendant filed this Motion presently before the Court *pro se* on November 4, 2016, seeking to modify his sentence. (Doc. 1). On November 9, 2016, the Court ordered the Government to respond to Defendant's Motion, and on November 21, 2016, granted an extension of time for it to do so. (Doc. 142, Doc. 145). The government filed its response on December 1, 2016. Defendant filed a Reply on January 3, 2017, and this matter is before the Court for a recommended disposition.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner who

> claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

---

[5] Defendant's Motion indicates that his length of sentence is 48 months; however, the Court imposed a 46-month sentence. *See* CR Doc. 131, at page 2.

28 U.S.C. § 2255(a). Relief is available under Section 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The court must presume "that the proceedings leading to the conviction were correct," and the burden is on the movant to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

**III.   ANALYSIS**

Defendant's sole argument in his Motion is that his trial counsel provided him with "ineffective assistance of counsel as regards [sic] criminal history," because trial counsel "failed to challenge a prior state conviction that should have been expunged prior to sentencing." (Doc. 1 at 4). He claims that his 2013 Oregon conviction, which was used at sentencing to add one point to his criminal history level, had been "substantially expunged," and should not have been included at sentencing. *Id.*

For a defendant to succeed on a claim of ineffective assistance of counsel, he must demonstrate both that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). In applying the two-pronged *Strickland* test, the Court "may address the performance and prejudice components in any order, but need not address both if [the defendant fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

The undersigned finds that there was no ineffective assistance of counsel at Defendant's sentencing, because: (1) defense counsel's performance at sentencing regarding Defendant's criminal history was not deficient; and (2) Defendant was not prejudiced by the claimed error, as:

6

(a) he could not have accomplished expungement prior to sentencing, and (b) a reduction of Defendant's sentence based on the expungement of his prior conviction is speculative.

### A. Defense counsel's performance in failing to expunge records was not deficient.

Defendant argues that defense counsel's performance in failing to expunge his prior conviction was unconstitutionally deficient. The court's review of counsel's performance for purposes of the *Strickland* test is "highly deferential," *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011), and a defendant must overcome the strong presumption that his counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. A defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

While defense counsel did not expunge Defendant's prior out-of-state conviction, she did make several efforts to reduce Defendant's sentence, including: employing a forensic accountant to scrutinize the loss calculations in order to decrease Defendant's base offense level; (CR Doc. 108); filing a 19-page sentencing memorandum; and arguing at sentencing for a reduction in sentence, in part based on Defendant's minimal criminal history. In defense counsel's sentencing memorandum, she argued for departure and/or variance based on: (1) Defendant's past abuse and addiction issues; (2) his reputation and character; (3) Defendant's employment and enablement to make restitution; (4) Defendant's age and low risk of recidivism; and (5) the Presentence Report's overrepresentation of Defendant's criminal history pursuant to U.S.S.G. § 4A1.3. (CR Doc. 111). In particular, defense counsel argued that Defendant's convictions of two

7

misdemeanors between 1998 and his Oregon conviction from 2013 were minor for purposes of criminal history, and the Tenth Circuit allowed departure based on the minor nature of the defendant's criminal history. *Id.* at 17-18 (citing *United States v. Caldwell*, 219 F.3d 1186, 1193-94 (10th Cir. 2000)).

Defense counsel's strategic decision to challenge the assessment of Defendant's criminal history as over-representative rather than employing the strategy Defendant now demands *post facto* is unchallengeable under *Strickland.* Moreover, Defendant's contention that defense counsel should have expunged Defendant's Oregon conviction prior to sentencing ignores the limitations on time and money a criminal defense attorney has in a criminal case and demands far more than the Constitution requires. *Strickland*, 466 U.S. at 681 ("Limitations of time and money…may force early strategic choices…Those strategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based.") As a practical matter, it would be virtually impossible for defense counsel to obtain bar licensure and/or apply to appear before an out-of-state court *pro hac vice* in every jurisdiction in which a defendant has a criminal record, and then obtain expungement in every prior criminal proceeding, all prior to the sentencing hearing in his criminal case at hand.

Defendant has failed to prove that defense counsel's performance was deficient under the *Strickland* test. Defendant has cited no authority, and the undersigned has found no existing authority to indicate that a criminal defense attorney must attempt to or successfully expunge a criminal defendant's prior criminal convictions and records in advance of sentencing. Defense counsel's failure to expunge his prior out-of-state conviction was not an error, much less one so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment. Her strategic decision to argue that the Presentence Report overrepresented Defendant's criminal history was objectively reasonable under the circumstances.

### B. Defendant was not prejudiced, because his conviction could not have been expunged at the time of sentencing.

A criminal defendant claiming ineffective assistance of counsel must prove both that his counsel's performance was deficient, and that he was prejudiced by his counsel's alleged error. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Instead, a criminal defendant must prove that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

The undersigned understands Defendant's claim to be that the Order Setting Aside Arrest Warrant, attached as Exhibit A to his Motion, proves that: (a) his defense counsel erred by not securing the Order prior to Defendant's sentencing; and (b) his sentence would have been reduced if the Order expunging his arrest record had been entered prior to sentencing. However, Defendant's expungement of his arrest record does not equate to an expungement of his conviction, and does not impact on the legality of his prior conviction. Oregon has separate processes for expunging arrest records and conviction records. Exhibit A is an order setting aside Defendant's arrest record, not his conviction.[6] Under Oregon law, an arrest record may be set aside one year after the date of arrest. O.R.S. §137.225(1)(b). A conviction record, however, may only be set aside if the criminal defendant applies "after the lapse of *three years* from the date of

---

[6] Defendant's success in expunging his arrest record nearly a year after the sentencing hearing does not affect his sentence. While expunged convictions are not counted for purposes of calculating criminal history under the Sentencing Guidelines, U.S.S.G. § 4A1.2(j), no such provision has been enacted for an expunged arrest record.

9

pronouncement of judgment." *Id.* at § 137.225(1)(a) (emphasis added). The pronouncement of Defendant's judgment for his Oregon conviction was May 30, 2013. His sentencing for the instant matter was held on December 30, 2015, less than three years after his prior conviction. Thus, under Oregon law, Defendant could not have had his conviction record expunged for the Oregon offense at the time of sentencing.

Because neither Defendant himself nor his counsel could have expunged the prior Oregon conviction at issue, the alleged failure to expunge did not prejudice Defendant at sentencing. *See, e.g., United States v. Baeza-Meza*, 377 F. Supp. 2d 1136, 1137 (D.N.M. 2005) (Browning, J.) (holding that Defendant had not shown prejudice at sentencing for defense counsel's failure to challenge prior conviction, because Sentencing Guidelines allowed for enhancement based on prior conviction to which Defendant readily admitted); *and Vega v. United States*, No. 1:09-CR-00335-AWI, 2014 WL 3385168, at *7 (E.D. Cal. July 10, 2014) (finding that defense counsel did not provide ineffective assistance by not seeking to expunge state records, because expungement did not alter the legality of the prior conviction and would not have altered the outcome of the imposition of the mandatory minimum under state law.).

### C. Defendant was not prejudiced at sentencing, because the Court imposed a lower sentence than he would have received with a Criminal History of I.

Even if it were possible for Defendant to have expunged his prior conviction before sentencing, Defendant cannot prove that the expungement would have had an effect on his sentence. The Sentencing Guidelines are advisory, not mandatory, which requires only that a sentencing court consider Guidelines ranges, but "permits the court to tailor the sentence in light of other statutory concerns as well." *United States v. Booker*, 543 U.S. 220, 245 (2005). At the sentencing hearing, the Court considered several factors before applying a lower offense level

and ultimately a lower sentence than the Guidelines recommend pursuant to the Presentence Report, stating:

> THE COURT: But in any case, I'm not going to downward depart. But I am going to vary . . . a couple of guideline offense levels, and use as a working guideline range the 46 to 57, which is a 22 offense level with a criminal history category of 2. I do think that -- as I indicated, while I don't think that a departure on overrepresentation is appropriate, I do think the criminal history that he has here is not too significant. And so I do think it puts some downward pressure. But I do think he ought to stay over in that side of the guideline range. And so I'm going to use that.

(Doc. 134, 133:7-21).

Defendant speculates that the Court would have imposed a six-month shorter sentence if his criminal history level was reduced to I. However, the Court had already varied from the sentencing guidelines by reducing Defendant's offense level from 24 to 22, in part due to Defendant's relatively minor criminal history, resulting in a shorter sentence than a reduction in criminal history levels alone would have done. (Doc. 134, 133:7-21). Defendant's speculation that he would be entitled to a lower sentence had his defense counsel expunged his record does not create a reasonable probability sufficient to undermine confidence in the outcome of his sentence. *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial…However, mere speculation is not sufficient to satisfy this burden.") (internal markings and citations omitted).

## IV.  CONCLUSION

For the foregoing reasons, the undersigned proposes to find that the Motion, exhibits, and record conclusively establish that Defendant is not entitled to the relief he seeks. Consequently, the undersigned recommends that the Court DISMISS with prejudice Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

*[signature: Kirtan Khalsa]*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**